IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARKLEY GARDNER, | : | CIVIL ACTION NO. **3:CV-07-1788** |
| Petitioner | : | (Judge Munley) |
| v. | : | (Magistrate Judge Blewit) |
| TROY WILLIAMSON, WARDEN, et al., | : | |
| Respondents | : | |

**REPORT AND RECOMMENDATION**

Petitioner, Barkley Gardner, an inmate at the United States Penitentiary at Lewisburg, Lewisburg, Pennsylvania ("USP-Lewisburg"), filed, *pro se*, the instant Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, on October 1, 2007. (Doc. 1). Petitioner attached Exhibits to his habeas petition (Exs. A-H) which purport to show that he exhausted his Administrative remedies with respect to his present habeas claim with the Bureau of Prisons ("BOP"). Petitioner filed an *in forma pauperis* request despite stating that he has $860.93 in his prison account. (Docs. 2 and 3). By Order of October 3, 2007, we denied Petitioner's *in forma pauperis* request, and we directed Petitioner to pay the requisite filing fee. (Doc. 4). On October 22, 2007, Petitioner paid the filing fee. (Doc. 7).

We give preliminary consideration to the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).[1]

---

[1] Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

**I. Background.**

The Petitioner, after a jury trial, states that he was convicted in the United States District Court for the Eastern District of North Carolina of several violations of federal criminal statutes, including 18 U.S.C. §§ 1962(c), 1962(d), 1959(A)(5) and (A)(1), 2119(3), as well as 21 U.S.C. § 846 and violations of 18 U.S.C. § 924(1) and (2). (Doc. 1, p. 2).

On March 11, 1997, Petitioner was sentenced to concurrent life sentences and to 120 months to run concurrent. Petitioner was also ordered to pay $20,000 restitution. (Doc. 1, Ex. B, Att. A). Petitioner directly appealed his judgment and conviction to the United States Court of Appeals for the Fourth Circuit, and his judgment of conviction was affirmed on August 9, 2002. (*Id.*, p. 3). Petitioner does not appear to have filed a petition for writ of *certiorari* with the United States Supreme Court. (*Id.*).

Petitioner did not file a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in the District Court. (*Id.*, p. 5).

The Petitioner then filed the instant Petition for Writ of Habeas Corpus in the Middle District of Pennsylvania on October 1, 2007. (Doc. 1).

**II. Claim of Habeas Petition.**

Petitioner is not seeking to challenge the legality of his sentence, the execution of his sentence, or his right to be released from confinement. Rather, he is asserting a claim that the BOP, through the Inmate Financial Responsibility Program ("IFRP") is unlawfully setting a restitution payment schedule for him which is not within its authority to do and was not ordered by the sentencing court. (*Id.*, p. 4). Petitioner states that only the sentencing court had authority to set

his restitution payment schedule. Specifically, Petitioner states:

> The Bureau of Prisons through it's (sic) I.F.R.P. is unlawfully setting restitution payment schedules which clearly is not within their province. This authority rest (sic) only with the sentencing court.

(*Id*., p. 4).

Petitioner states that he exhausted his BOP administrative remedies with respect to his sole habeas claim, and his Exhibits (Exs. C-H) attached to his Habeas Petition, appear to substantiate his claim of exhaustion of his BOP Administrative remedies.

As relief, Petitioner requests:

> Petitioner request (sic) this court to issue a writ of habeas corpus requiring the respondent to: immediately remove petitioner from FRP Refuse status and enjoin the Bureau of Prisons from sanctioning petitioner for refusing to participate in the I.F.R.P. and make no further attempt to set my restitution payment schedule as per Third Circuit precedent.

(*Id*.).

Petitioner also claims that it is not the BOP's authority to set restitution payment schedules through the I.F.R.P., and that under 18 U.S.C. § 3664(F)(2) the sentencing court must specify the manner and the schedule of restitution. Petitioner states that the federal statute overrides the BOP regulation. (*Id*., p. 4). Petitioner cites to the case of *U.S. v. Coates*, 178 F. 3d 681 (3d Cir. 1999). (*Id*.).

In his March 29, 2007, BOP Informal Resolution Attempt regarding his present claim, Petitioner stated that he was sentenced under the MVRA and that restitution was ordered as due during the period of his incarceration, and that the sentencing court did not set a specific schedule of payments. (Doc. 1, Ex. A). However, Petitioner stated that the BOP had no authority to

3

substitute its own restitution payment schedule and to impose sanctions against him for his failure to acquiesce in the BOP's IFRP. In a July 18, 2007 Response to Petitioner's Informal Resolution, the prison staff advised him that his Judgment and Commitment Order provided that his restitution was due "in full immediately." The financial obligation section of Petitioner's Judgment and Commitment was attached to the Response as Att. A, and it indicated that Petitioner's monetary obligations, including his restitution, were due "in full immediately." (Doc. 1, Ex B, Att. A).

Petitioner seemingly feels that § 2255 is ineffective and cannot be utilized to address his claim that the BOP cannot set his restitution payment schedule. We agree. *See Ridley v. Smith*, 179 Fed. Appx. 109, 110 (3d Cir. 2006)(Non-Precedential); *U.S. v. Walker*, 149 Fed. Appx. 55, (3d Cir. 2005)(Non-precedential). Petitioner argues that he is being sanctioned by the BOP for failing to participate in the IFRP and that the BOP has no authority to set his restitution payment schedule. Petitioner states that the sentencing court did not set the restitution payment schedule and only directed him to pay restitution under the Mandatory Victim Restitution Act ("MVRA"), and only stated that it was "due" during his imprisonment. Petitioner also claims that, since the sentencing court did not set a specific schedule of payment with respect to his restitution, the BOP had no authority to impose its own schedule of his payments.

**III. Discussion.**

As stated, Petitioner is properly proceeding under §2241 since his claim is a challenge to the execution of his federal sentence. *See Ridley, supra*. Petitioner's proper vehicle for his claim is not a Section 2255 motion to vacate his sentence. *Id*. As the *Ridley* Court stated:

4

> Ridley is challenging the Federal Bureau of Prisons ("BOP") authority to set the timing and amount of the payments to his fine while he is incarcerated. Ridley contends that because he is attacking only the execution of his sentence, the District Court erred to the extent that it concluded that the proper vehicle for his claim is a § 2255 motion. We agree. Ridley's challenge goes directly to the execution of his sentence. As such, the claim falls squarely within those properly raised in a petition for writ of habeas corpus under § 2241.

*Id*. at 110 (citations omitted).[2]  However, Petitioner's present claim has not been thoroughly rejected by the Third Circuit, and thus, we shall recommend that his Habeas Petition be summarily dismissed under Rule 4.

In *Henry v. Apker*, 128 Fed. Appx. 895, 896 (3d Cir. 2005)(Non-Precedential), the Court stated:

> With regard to Henry's claim of improper delegation, the District Court [Middle District of Pennsylvania] acknowledged that under *Coates*, a sentencing court may not delegate the scheduling of restitution to the BOP. The District Court, however, went on to conclude that the sentencing court's order that Henry's fine was due "in full immediately" was not an improper delegation of judicial authority. *See McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999). The District Court further noted that such an order does not preclude the BOP from ensuring that Henry proceed with payment of his fine through the IFRP. Based on this reasoning, the District Court denied Henry's § 2241 petition. Henry appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review is plenary. *See Bakhtriger v. Elwood*, 360 F.3d 414, 417 (3d Cir. 2004).

---

[2]In *Ridley,* the District Court, M.D. Pa., dismissed the habeas petition of Petitioner Ridley since he failed to exhaust his Administrative remedies with the BOP regarding his claim, which was almost identical to our Petitioner's claim. The Third Circuit affirmed this part of the decision. The Third Circuit disagreed with this Court that § 2255 was the proper vehicle for Petitioner to assert his claim that the BOP lacked authority to set a payment schedule for his criminal fine.

> We agree with the District Court's disposition of Henry's § 2241 petition. For essentially the reasons given by the District Court, as summarized above, we will affirm.

In *U.S. v. Walker*, 149 Fed. Appx. 55, 57 (3d Cir. 2005)(Non-Precedential), the Court stated:

> It is true that the MVRA requires that the sentencing court "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid." 18 U.S.C. § 3664(f)(2). The sentencing court cannot delegate the scheduling of restitution to a probation officer or to the BOP, as we have held that the fixing of restitution payments is an exclusively judicial act. *United States v. Coates*, 178 F.3d 681, 685 (3d Cir. 1999). However, while a sentencing court may not impose restitution and then delegate the scheduling of payment to the BOP, that is not what occurred here. The sentencing court here stated in its restitution order that Walker's payment of $1,318,645 was "due in full immediately." The court did not order payment of the fine in installments, and it did not delegate its authority to the BOP to schedule payments. Indeed, nowhere in the restitution order did the sentencing court delegate a judicial function to the BOP. Instead, the court merely exercised its authority to require immediate payment.
>
> Because such an order for immediate payment does not impermissibly delegate judicial authority, it is permissible for the BOP to administer collection through the IFRP. *See McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999); *United States v. Trigg*, 119 F.3d 493, 500 (7th Cir. 1997). As the Court of Appeals found in *McGhee*, there is simply no conflict between a restitution order directing immediate payment and the BOP initiating an IFRP payment plan. *McGhee*, 166 F.3d at 886. Walker's agreement to participate in the IFRP did not somehow transform his restitution order into one that permits installment payments, and thus did not require a court-ordered payment schedule.

Finally, in *U.S. v. Jackson-el*, 179 Fed. Appx. 147, 149 (3d Cir. 2006)(Non-Precedential), the Court stated:

> We are convinced that § 3664(k) does not provide an avenue for raising a challenge under *Coates*. As described previously, § 3664(k) provides a procedural device by which a defendant can petition the District Court to adjust his restitution payment schedule based on a change in economic circumstances. Section 3664(k), however, does not provide a vehicle by which a defendant can challenge the validity of the restitution order itself. Thus, Jackson may not raise in his § 3664(k) motion a contention that the sentencing court impermissibly delegated to the BOP the duty to set a schedule for his payments.
>
> Even assuming, arguendo, that § 3664(k) could be used by Jackson to allege that the sentencing court impermissibly delegated its judicial authority, we would reject the claim. The sentencing court did not delegate the schedule of Jackson's restitution payments to the BOP. Rather, it simply exercised its authority to direct that "monetary penalties," including the restitution payment of $12,320, be paid "in full immediately." *See* 18 U.S.C. § 3572(d)(1). Ordering immediate payment is not an impermissible delegation because "such directives generally are interpreted to require not immediate payment in full but payment to the extent that the defendant can make it in good faith, beginning immediately." *See McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1998) (finding no conflict between a restitution order directing immediate payment and the BOP initiating an IFRP payment plan.

In our case, Petitioner's Judgment and Commitment clearly stated that his $20,000 restitution was due "in full immediately." (Doc. 1, Ex. B, Att. A). Thus, based upon well-settled Third Circuit law, discussed above, Petitioner Gardner's present habeas claim that the BOP had no authority to establish an IFRP payment plan for him should be summarily dismissed under Rule 4.

7

We shall recommend that this Petition be dismissed summarily under Rule 4 without directing service of it on Respondents.

**IV.  Recommendation.**

Based on the foregoing, it is respectfully recommended that this habeas petition dismissed summarily under Rule 4.


                             **s/ Thomas M. Blewitt**
                             **THOMAS M. BLEWITT**
                             **United States Magistrate Judge**

**Dated: October 25, 2007**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARKLEY GARDNER, | : | CIVIL ACTION NO. **3:CV-07-1788** |
| Petitioner | : | (Judge Munely) |
| v. | : | (Magistrate Judge Blewit) |
| TROY WILLIAMSON, WARDEN, et al., | : | |
| Respondents | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **October 25, 2007.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *Defendant novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                      **s/ Thomas M. Blewitt**
                                      **THOMAS M. BLEWITT**
                                      **United States Magistrate Judge**

**Dated: October 25, 2007**