# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARKLEY GARDNER,** | : | **No. 3:07cv1788** |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| | : | |
| **v.** | : | **(Magistrate Judge Blewitt)** |
| | : | |
| **TROY WILLIAMSON, Warden, and** | : | |
| **UNITED STATES BUREAU OF** | : | |
| **PRISONS,** | : | |
| **Respondents** | : | |

## MEMORANDUM

Before the court are petitioner's objections to the report and recommendation (Doc. 9) of Magistrate Judge Thomas M. Blewit, which proposes that we summarily dismiss the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Also before the court is petitioner's motion to alter or amend the judgment of the magistrate judge (Doc. 11).

## Background

Barkley Gardner filed his petition for a writ of habeas corpus (Doc. 1) on October 1, 2007. The petition relates that plaintiff was convicted in the United States District Court for the Eastern District of North Carolina on March 11, 1997 for violations of 18 U.S.C. § 1962(c), 18 U.S.C. § 1962(d), 21 U.S.C. § 846, 18 U.S.C. § 1959(A)(1), 18 U.S.C. § 1959(A)(5), 18 U.S.C. §§ 2119(2-3) and 18 U.S.C. §§ 924(1, 2). (Id. at 2). The trial court imposed concurrent life sentences and another sentence of 120 months to run concurrent to the other penalties. (Id.). Documentation

included in the petition indicates that the court also ordered petitioner to pay

restitution of $20,000, which the court indicated was due "in full immediately."  (Id. at

11). Petitioner appealed this sentence to the Fourth Circuit Court of Appeals, which

on August 9, 2002 affirmed the judgment of the lower court.  (Id. at 2-3).

Petitioner later filed the instant petition in this court.  He contends that the

Bureau of Prisons (BOP) exceeded its authority by setting restitution payment

schedules through its Inmate Financial Responsibility Program (IFRP).  (Id. at 4).  He

apparently did not pay the restitution originally ordered by the court, and the prison

used the IFRP to recover portions of that money.  Courts have exclusive

responsibility, petitioner argues, for determining how such restitution payments

should be structured.  (Id.).  The prison's action in ordering payment through the

program, petitioner argues, violated the law.  The petition includes documentation

that establishes that petitioner exhausted his administrative remedies before filing the

instant case.  (Id.).  Petitioner seeks an order removing him from IFRP Refuse status

and enjoining the BOP from sanctioning him for refusing to participate in the IFRP

and ordering the Bureau to refrain from setting any further restitution schedule for

him.  (Id.).

Magistrate Judge Blewit gave the petition a preliminary consideration pursuant

to Rule 4 of the Rules Governing Section 2254 Cases in the District Courts.  See 28

U.S.C. foll. § 2254 (establishing that "[i]f it plainly appears from the face of the petition

and any exhibits annexed to it that the petitioner is not entitled to relief in the district

court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."). Courts have found that those rules are applicable to petitions brought under 28 U.S.C. § 2241, as is the case here. See 28 U.S.C. § 2254 R. 1(b) (establishing that a "district court may apply any or all of these rules to a habeas petition not covered by Rule 1(a)."); Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

In undertaking this preliminary consideration, Magistrate Judge Blewit first concluded that petitioner had properly brought his claim pursuant to 28 U.S.C. § 2241, because Section 2255 was ineffective for addressing his complaints about the repayment schedule authorized by the BOP. The magistrate judge concluded, however, that petitioner's claim lacked merit. He found that the Third Circuit Court of Appeals had earlier dismissed a claim identical to the petitioner's. A sentencing court may not delegate to the BOP the scheduling of restitution payments, but the Appeals Court found that a district court does not violate this rule by ordering immediate payment in full and then allowing the Bureau to work out the terms by which an inmate who cannot make such complete payment fulfills his obligation. Since petitioner's claim was that such an arrangement violated his rights, the Magistrate Judge thus recommended dismissal. Petitioner filed objections to that opinion, bringing the case to its present posture.

**Jurisdiction**

As this case was brought pursuant to 28 U.S.C. § 2241, we have jurisdiction

3

pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made.  28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

For those portions of the report and recommendation to which no objections have been filed, we must determine whether a review of the record evidences plain error or manifest injustice. See, e.g., Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983); Fed. R. Civ. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); 28 U.S.C. § 636(b)(1).

**Discussion**

Petitioner contends that the magistrate judge erred in concluding that the BOP had not exceeded its authority in establishing a restitution schedule for him through

4

the Inmate Financial Responsibility Program.[1]  He contends that the sentencing court erred by imposing restitution on him but allowing the BOP to determine how to schedule his payments.

In determining that the petition lacked merit, the magistrate judge relied on two non-precedential opinions from the Third Circuit Court of Appeals.  In the first of those cases, Henry v. Apker, 128 Fed. Appx. 895, 896 (3d Cir. 2005), the court concluded that the district court had not erred in applying an earlier version of the statute mandating restitution from defendants convicted of particular crimes, since the petitioner had been sentenced in 1994, before passage of the Mandatory Victims Restitution Act (MVRA).  Even if the later act applied, however, the Circuit Court concluded that the sentencing court's mandate that restitution was due "'in full immediately'" meant that the Bureau of Prisons could "ensur[e] that [petitioner] proceed with payment of his fine" through the IFRP without specific instructions from the court.  Id.  United States v. Walker, 149 Fed. Appx. 55, 57 (3d Cir. 2005), the other case cited by the magistrate judge, similarly concludes that the sentencing

---

[1]Petitioner does not object to the magistrate judge's conclusion that he proceeded properly under Section 2241 rather than Section 2255.  When no objections to a report and recommendation exist, we must determine whether a review of the record evidences plain error or manifest injustice.  See, e.g., Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983); FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); 28 U.S.C. § 636(b)(1).  We find no such defects here. The Third Circuit Court of Appeals has held that "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."  Cody v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).  Accordingly, we will adopt the report and recommendation on this point.

court discharges its responsibilities under the MVRA by ordering that restitution be paid in full immediately, since "nowhere in the restitution order did the sentencing court delegate a judicial function to the BOP.  Instead, the court merely exercised its authority to require payment."

The MVRA mandates that the sentencing court "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid."  18 U.S.C. § 3664(f)(2).  The Third Circuit Court of Appeals has concluded that "ordering restitution is a judicial function that cannot be delegated, in whole or in part."  United States v. Corley, 500 F.3d 210, 225 (3d Cir. 2007).  In Corley, a precedential opinion decided after the cases relied upon by the magistrate judge, the court called into doubt the reasoning of Henry and Walker.  The court noted that the authority relied on by these cases for the proposition that a sentencing court could order restitution paid in full and then allow the BOP to set the terms of that payment did not address the MVRA, but an earlier statute.  Id. at 226.  Under the MVRA, the court concluded, the sentencing judge was now required to consider a defendant's finances in ordering restitution.  Id.  If the sentencing court had knowledge that a defendant "could not make immediate payment in full, if was required under § 3664(2) to set a different schedule of payments."  Id.  To do otherwise, the court found, would constitute an impermissible delegation of the court's responsibility.  Id.

From the petition, we cannot determine what information about petitioner's financial resources was before the district court at the time of sentencing, nor do we

have a clear statement of the terms under which plaintiff's restitution was to be paid during his incarceration.  If, however, the district court left to the BOP to determine the amount and schedule of payments to be made by petitioner despite knowledge that petitioner could not make immediate full resitution, the court did not follow the dictates of the MVRA.  See Corley, 500 F.3d at 227 (finding that when a court orders "immediate" payment of restitution with knowledge that the defendant cannot make full restitution, such orders "are indistinguishable in principle from outright delegations of authority to the Bureau of Prisons.").  As a result, we will sustain the petitioner's objection and remand the case to the magistrate judge with instructions to serve the petition and determine whether the sentencing court improperly delegated responsibility for the terms of restitution to prison officials or to take other appropriate action.

**Petitioner's Motion to Alter or Amend Judgment**

On November 5, 2007, petitioner filed a motion in this court to alter or amend the magistrate judge's recommendation that we summarily dismiss the case (Doc. 11).  Petitioner brought the motion pursuant to Federal Rule of Civil Procedure 59(e) and Federal Rule of Civil Procedure 60(b).  He makes substantially the same argument in this motion that he does in his objections.

We find the motion meritless and will dismiss it.  Rule 59 provides relief from judgments, and provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after the entry of the judgment."  FED. R. CIV. P. 59(e).  Rule

7

60(b) establishes that a party may obtain relief from "a final judgment, order or proceeding" for a number of specified reasons.  FED. R. CIV. P. 60(b).  The magistrate judge's report and recommendation, however, was not a final judgment.  A magistrate judge has the power "to submit to a judge of the court *proposed* findings of fact and *recommendations* for the disposition, by a judge of the court" of specified motions before the court.  28 U.S.C. § 636(b)(1)(A-B).  (emphasis added).  The district court judge has final authority over such motions and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(2).   Since the magistrate judge has no authority to issue a final decision on petitioner's request for a writ, his motion to alter or amend the judgement is premature.  We will accordingly dismiss that motion.

**Conclusion**

For the foregoing reasons, we will adopt the petitioner's objections to the report and recommendation and remand the case to the magistrate judge for further proceedings consistent with this opinion.  We will deny petitioner's motion to alter or amend the judgment.  An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARKLEY GARDNER,** | : | **No. 3:07cv1788** |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| | : | |
| **v.** | : | **(Magistrate Judge Blewitt)** |
| | : | |
| **TROY WILLIAMSON, Warden, and** | : | |
| **UNITED STATES BUREAU OF** | : | |
| **PRISONS,** | : | |
| **Respondents** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### ORDER

**AND NOW**, to wit, this 8th day of January 2007:

1) the petitioner's objections (Doc. 10) to the report and recommendation of magistrate judge Thomas M. Blewitt (Doc. 9) are hereby **SUSTAINED**.  The case is **REMANDED** to the magistrate judge for proceedings consistent with this opinion; and

2) the petitioner's motion to alter or amend the judgment (Doc. 11) is hereby **DENIED**.

BY THE COURT:

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**

9