# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARKLEY GARDNER,** | : | No. 3:07cv1788 |
| **Petitioner** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **TROY WILLIAMSON, Warden, and** | : | |
| **UNITED STATES BUREAU OF** | : | |
| **PRISONS,** | : | |
| **Respondents** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court are petitioner's objections (Doc. 24) to the report and recommendation (Doc. 23) of Magistrate Judge Thomas M. Blewit, which proposes that we grant the respondent's request to transfer the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to the United States District Court for the Eastern District of North Carolina. Having been fully briefed, the matter is ripe for disposition.

**Background**

Barkley Gardner filed his petition for a writ of habeas corpus (Doc. 1) on October 1, 2007. The petition relates that plaintiff was convicted in the United States District Court for the Eastern District of North Carolina on March 11, 1997 for violations of 18 U.S.C. § 1962(c), 18 U.S.C. § 1962(d), 21 U.S.C. § 846, 18 U.S.C. § 1959(A)(1), 18 U.S.C. § 1959(A)(5), 18 U.S.C. §§ 2119(2-3) and 18 U.S.C. §§ 924(1, 2). (Id. at 2). The trial court imposed concurrent life sentences and another sentence

of 120 months to run concurrent to the other penalties. (Id.). Documentation included in the petition indicates that the court also ordered petitioner to pay restitution of $20,000, which the court indicated was due "in full immediately." (Id. at 11). Petitioner appealed this sentence to the Fourth Circuit Court of Appeals, which on August 9, 2002 affirmed the judgment of the lower court. (Id. at 2-3).

Petitioner later filed the instant petition in this court. He contends that the Bureau of Prisons (BOP) exceeded its authority by setting restitution payment schedules through its Inmate Financial Responsibility Program (IFRP). (Id. at 4). He apparently did not pay the restitution originally ordered by the court, and the prison used the IFRP to recover portions of that money. Courts have exclusive responsibility, petitioner argues, for determining how such restitution payments should be structured. (Id.). The prison's action in ordering payment through the program, petitioner argues, violated the law. The petition includes documentation that establishes that petitioner exhausted his administrative remedies before filing the instant case. (Id.). Petitioner seeks an order removing him from IFRP Refuse status and enjoining the BOP from sanctioning him for refusing to participate in the IFRP and ordering the Bureau to refrain from setting any further restitution schedule for him. (Id.).

Magistrate Judge Blewit gave the petition a preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the District Courts. See 28 U.S.C. foll. § 2254 (establishing that "[i]f it plainly appears from the face of the petition

2

and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."). Courts have found that those rules are applicable to petitions brought under 28 U.S.C. § 2241, as is the case here. See 28 U.S.C. § 2254 R. 1(b) (establishing that a "district court may apply any or all of these rules to a habeas petition not covered by Rule 1(a)."); Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

In undertaking this preliminary consideration, Magistrate Judge Blewit first concluded that petitioner had properly brought his claim pursuant to 28 U.S.C. § 2241, because Section 2255 was ineffective for addressing his complaints about the repayment schedule authorized by the BOP. The magistrate judge concluded, however, that petitioner's claim lacked merit. He found that the Third Circuit Court of Appeals had earlier dismissed a claim identical to the petitioner's. A sentencing court may not delegate to the BOP the scheduling of restitution payments, but the Appeals Court found that a district court does not violate this rule by ordering immediate payment in full and then allowing the Bureau to work out the terms by which an inmate who cannot make such complete payment fulfills his obligation. Since petitioner's claim was that such an arrangement violated his rights, the Magistrate Judge thus recommended dismissal.

Petitioner filed objections to that opinion. On January 8, 2008 we concluded that the case should be remanded to the magistrate judge and served on

3

respondents for a determination of whether the sentencing court improperly delegated responsibility for the terms of restitution to the Bureau of Prisons. (See Doc. Memorandum and Order (Doc. 12) at 7). After ordering service of the petition on the respondents and entering various motions related to it, Magistrate Judge Blewitt on March 17, 2008 issued another report and recommendation, which proposed that the case be transferred to the United States District Court for the Eastern District of North Carolina. (See Doc. 23). Magistrate Judge Blewitt concluded that the Eastern District of North Carolina court was a more convenient venue for the case. The issues in the case, he found, surrounded "what information about Petitioner's financial resources" were before the sentencing court and "the terms under which Petitioner's restitution was to be paid while he was incarcerated." (Id. at 4). Such information could be more easily and efficiently obtained from that District Court, and the court was thus a more appropriate venue for the case. The petitioner thereafter filed objections and the respondents filed a reply, bringing the case to its present posture.

**Jurisdiction**

As this case was brought pursuant to 28 U.S.C. § 2241, we have jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

In disposing of objections to a magistrate judge's report and recommendation,

the district court must make a *de novo* determination of those portions of the report to which objections are made.  28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

For those portions of the report and recommendation to which no objections have been filed, we must determine whether a review of the record evidences plain error or manifest injustice. See, e.g., Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983); Fed. R. Civ. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); 28 U.S.C. § 636(b)(1).

**Discussion**

Petitioner objects to the Magistrate Judge's report and recommendation.  He points to a copy of the "statement of reasons" attached to his objections, which states that the court "adopts the factual findings and guideline application in the presentence report except" that the court finds restitution appropriate.  (See Objections (Doc. 24) at 4).  The report, petitioner contends, indicates that he was indigent.  This document indicates that the court imposed a fine of $20,000, lower than the guideline range of $25,000 to $4,000,000.  (Id.).  The court apparently determined that plaintiff was unable to pay a fine within the limit.  (Id.).  We take these objections to be an

5

argument with the position taken by the court that more information is necessary to determine whether the sentencing court complied with the terms of federal law in setting petitioner's restitution schedule.

The Mandatory Victims Restitution Act (MVRA) requires the sentencing court to "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid." 18 U.S.C. § 3664(f)(2).  The Third Circuit Court of Appeals has concluded that "ordering restitution is a judicial function that cannot be delegated, in whole or in part." United States v. Corley, 500 F.3d 210, 225 (3d Cir. 2007).  In Corley, the court concluded that the MVRA mandated that the sentencing judge consider a defendant's finances in ordering restitution. Id. at 226.  If the sentencing court had knowledge that a defendant "could not make immediate payment in full, it was required under § 3664(2) to set a different schedule of payments." Id.  To do otherwise, the court found, would constitute an impermissible delegation of the court's responsibility. Id.  The question in this case, then, is whether the district court left to the BOP to determine the amount and schedule of payments to be made by petitioner despite knowledge that petitioner could not make immediate full restitution.  If the district court did so, the court did not follow the dictates of the MVRA. See Corley, 500 F.3d at 227 (finding that when a court orders "immediate" payment of restitution with knowledge that the defendant cannot make full restitution, such orders "are indistinguishable in principle from outright delegations of authority to the Bureau of Prisons.").

6

The information in the petition, as well as other documents supplied by the petitioner, do not provide the court with documentation sufficient to determine whether the sentencing court adequately outlined the terms of the restitution or improperly delegated the duty to the Bureau of Prisons.  To the extent that petitioner's objection centers around an argument that he has supplied adequate evidence to support his claims, we will deny the objection.

The main holding of the report and recommendation, which the objections do not address directly, is a finding that the case should be transferred to the Eastern District of North Carolina.  The magistrate judge concluded that the court in that district could more efficiently and fully address the issue of the terms of the restitution ordered by the court.  The United States Code provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Courts have found that the interests of convenience and efficiency can mandate transfer of a *habeas corpus* case from the state of incarceration to the state of conviction.  See, e.g., Verissimo v. INS, 204 F.Supp. 2d 818, 820 (D. N.J. 2002) (finding that "a habeas petition may be transferred to the district court of the state in which the petitioner was sentenced and convicted, even if the petitioner was transferred to prison in a different state."); Wilkins v. Erickson, 484 F.2d 969, 973 (8th Cir. 1973) (allowing transfer of *habeas corpus* case from the District of South Dakota to the District of Montana because "Montana, the state of conviction and sentencing,

is the most convenient forum because of the availability of witnesses and records."). In determining the appropriate venue for a *habeas*, courts consider "traditional venue considerations," such as the location where material events took place, where records and witnesses are located and the convenience of the parties involved. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 493-94 (1973).

Here, the question in this litigation is the terms under which the District Court established a restitution schedule.  Because the District Court in the Eastern District of North Carolina sentenced the petitioner, the events material to the case took place in that district.  In addition, the court in that district has access to the evidence that led the court to make its sentencing and restitution determination and can best access any witnesses necessary to investigate the case.  The interests of judicial efficiency and economy would best be served by transferring the case to the United States District Court in the Eastern District of North Carolina.  We will therefore overrule petitioner's objections and adopt the report and recommendation.

**Conclusion**

For the foregoing reasons, we will overrule the petitioner's objections, adopt the report and recommendation and order the case transferred to the United States District Court for the Eastern District of North Carolina.  An appropriate order follows.

8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BARKLEY GARDNER,** : | No. 3:07cv1788 |
| **Petitioner** : | |
| : | (Judge Munley) |
| v. : | |
| **TROY WILLIAMSON, Warden, and** : | |
| **UNITED STATES BUREAU OF** : | |
| **PRISONS,** : | |
| **Respondents** : | |

## ORDER

**AND NOW**, to wit, this 14th day of April 2008:

1) the petitioner's objections (Doc. 24) to the report and recommendation of magistrate judge Thomas M. Blewitt (Doc. 23) are hereby **OVERRULED**;

2) the report and recommendation is hereby **ADOPTED**; and

3) the Clerk of Court is ordered to **TRANSFER** the case to the United States District Court for the Eastern District of North Carolina.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

9