## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARKLEY GARDNER,** | : | **No. 3:07cv1788** |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **TROY WILLIAMSON, Warden, and** | : | |
| **UNITED STATES BUREAU OF** | : | |
| **PRISONS,** | : | |
| **Respondents** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Before the court are petitioner's motion for reconsideration (Doc. 27) of this court's April 14, 2008 order transferring the case to the United States District Court for the Eastern District of North Carolina.

**Background**

Barkley Gardner filed his petition for a writ of habeas corpus (Doc. 1) on October 1, 2007.  The petition relates that plaintiff was convicted in the United States District Court for the Eastern District of North Carolina on March 11, 1997 for violations of 18 U.S.C. § 1962(c), 18 U.S.C. § 1962(d), 21 U.S.C. § 846, 18 U.S.C. § 1959(A)(1), 18 U.S.C. § 1959(A)(5), 18 U.S.C. §§ 2119(2-3) and 18 U.S.C. §§ 924(1, 2).  (Id. at 2).  The trial court imposed concurrent life sentences and another sentence of 120 months to run concurrent to the other penalties.  (Id.).  Documentation included in the petition indicates that the court also ordered petitioner to pay restitution of $20,000, which the court indicated was due "in full immediately."  (Id. at

11).  Petitioner appealed this sentence to the Fourth Circuit Court of Appeals, which on August 9, 2002 affirmed the judgment of the lower court.  (Id. at 2-3).

Petitioner later filed the instant petition in this court.  He contends that the Bureau of Prisons (BOP) exceeded its authority by setting restitution payment schedules through its Inmate Financial Responsibility Program (IFRP).  (Id. at 4).  He apparently did not pay the restitution originally ordered by the court, and the prison used the IFRP to recover portions of that money.  Courts have exclusive responsibility, petitioner argues, for determining how such restitution payments should be structured.  (Id.).  The prison's action in ordering payment through the program, petitioner argues, violated the law.  The petition includes documentation that establishes that petitioner exhausted his administrative remedies before filing the instant case.  (Id.).  Petitioner seeks an order removing him from IFRP Refuse status and enjoining the BOP from sanctioning him for refusing to participate in the IFRP and ordering the Bureau to refrain from setting any further restitution schedule for him.  (Id.).

Magistrate Judge Blewit gave the petition a preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the District Courts.  See 28 U.S.C. foll. § 2254 (establishing that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.").  Courts have found that those rules are applicable to

petitions brought under 28 U.S.C. § 2241, as is the case here.  See 28 U.S.C. § 2254

R. 1(b) (establishing that a "district court may apply any or all of these rules to a

habeas petition not covered by Rule 1(a)."); Patton v. Fenton, 491 F. Supp. 156, 158-

59 (M.D. Pa. 1979).

In undertaking this preliminary consideration, Magistrate Judge Blewit first

concluded that petitioner had properly brought his claim pursuant to 28 U.S.C. §

2241, because Section 2255 was ineffective for addressing his complaints about the

repayment schedule authorized by the BOP.  The magistrate judge concluded,

however, that petitioner's claim lacked merit.  He found that the Third Circuit Court of

Appeals had earlier dismissed a claim identical to the petitioner's.  A sentencing court

may not delegate to the BOP the scheduling of restitution payments, but the Appeals

Court found that a district court does not violate this rule by ordering immediate

payment in full and then allowing the Bureau to work out the terms by which an

inmate who cannot make such complete payment fulfills his obligation.  Since

petitioner's claim was that such an arrangement violated his rights, the Magistrate

Judge thus recommended dismissal.

Petitioner filed objections to that opinion.  On January 8, 2008 we concluded

that the case should be remanded to the magistrate judge and served on

respondents for a determination of whether the sentencing court improperly

delegated responsibility for the terms of restitution to the Bureau of Prisons.  (See

Doc. Memorandum and Order (Doc. 12) at 7).  After ordering service of the petition

on the respondents and entering various motions related to it, Magistrate Judge Blewitt on March 17, 2008 issued another report and recommendation, which proposed that the case be transferred to the United States District Court for the Eastern District of North Carolina.  (See Doc. 23).  Magistrate Judge Blewitt concluded that the Eastern District of North Carolina court was a more convenient venue for the case.  The issues in the case, he found, surrounded "what information about Petitioner's financial resources" were before the sentencing court and "the terms under which Petitioner's restitution was to be paid while he was incarcerated." (Id. at 4).  Such information could be more easily and efficiently obtained from that District Court, and the court was thus a more appropriate venue for the case.

The court's April 14, 2008 decision adopted this report and recommendation and ordered the case transferred to the United States District Court for the Eastern District of North Carolina.  Petitioner thereafter filed the instant motion for reconsideration, bringing the case to its present posture.

**Jurisdiction**

As this case was brought pursuant to 28 U.S.C. § 2241, we have jurisdiction to hear the case.  See 28 U.S.C. § 2241(d) (establishing that "[w]here an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a state court or a State which contains two or more Federal districts, the application may be filed in the district court for the district where in such person is in custody or in the district court for the district within which the State court was held

4

which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.").

**Legal Standard**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909 (3d Cir.1985); Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The movant must demonstrate one of three grounds for such a motion to be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice.  Max's Seafood Cafe, 176 F.3d at 677. A motion for reconsideration is not a proper vehicle to attempt to convince the court to rethink a decision it has already made.  Glendon Energy Co. v. Borough of Glendon, 836 F. Supp.1109, 1122 (E.D. Pa. 1993).  Such motions also may not be used to give a dissatisfied party a chance to "[change] theories and try again," obtaining a "'second bite at the apple.'" Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995); see also Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (finding that "The simple fact that [plaintiff] is unhappy with the result of the April 19, 2001 opinion is an insufficient basis to grant her relief.").

**Discussion**

Petitioner states that he brings his motion "in the interest of justice."  He

5

repeats arguments previously made about the sentencing court's calculation of restitution payments.  Petitioner also includes copies of certain pages of the transcript of his sentencing hearing.  He does not, however, point to any intervening change in the controlling law, new evidence previously available, or clear error of the court. Petitioner's motion also does not assert that the court erred in determining the case should be transferred to federal court in North Carolina, or explain why that decision would prejudice his case.  Instead, petitioner seeks simply to reargue the case before the court.  Since the court did not rule on the substance of petitioner's claim but instead concluded the case should be heard in another district, reconsideration would be particularly inappropriate here.  Petitioner has not articulated any grounds for granting his motion for reconsideration, and the court will deny that motion.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BARKLEY GARDNER,** | : | **No. 3:07cv1788** |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **TROY WILLIAMSON, Warden, and** | : | |
| **UNITED STATES BUREAU OF** | : | |
| **PRISONS,** | : | |
| **Respondents** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## <u>ORDER</u>

   **AND NOW**, to wit, this 29th day of April 2008 the petitioner's motion for

reconsideration (Doc. 27) is hereby **DENIED**.


                                        **BY THE COURT:**


                                        **s/ James M. Munley**
                                        **JUDGE JAMES M. MUNLEY**
                                        **United States District Court**

7